COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF The IOWA STATE BAR ASSOCIATION, Complainant,

v.

James E. HOUSER, Respondent.

No. 88–65.

Supreme Court of Iowa.

May 11, 1988.

James E. Gritzner and Eric P. Sloter of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., and Norman G. Bastemeyer, Des Moines, for complainant.

Gary L. Berkland, Belmond, for respondent.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

SNELL, Justice.

This is a proceeding to review the findings and recommendation of our Grievance Commission. *See* Iowa Sup.Ct.R. 118.10. Following an evidentiary hearing, the commission found that respondent, James E. Houser, had knowingly and willfully failed to timely file his Iowa income tax returns for 1981, 1982, 1984 and 1985, and his federal income tax returns for 1980, 1981, 1982, 1984 and 1985. Relatedly, the commission determined that Houser had given a false answer on his 1983 Client Security and Attorney Disciplinary Commission questionnaire relating to the filing of his 1981 federal and state tax returns.

The commission also found fault with Houser's representation of three estates. These counts concern Houser's delinquencies in the filing of an interlocutory report in one case, a final settlement in a second and an estate closing in a third. With respect to each of these estates, Houser received, and ignored, notices of the delinquencies. Finally, Houser failed to respond to inquiries from the Committee on Professional Ethics and Conduct concerning these delinquencies. Based upon these findings, the commission recommended that Houser be suspended from the practice of law for a minimum of three months.

Our review of this case is de novo. *E.g., Committee on Professional Ethics & Conduct v. Davidson,* 398 N.W. 2d 856, 856 (Iowa 1987). We give respectful consideration to the commission's findings and recommendations but are not bound by them. *E.g., Committee on Professional Ethics & Conduct v. Zimmerman,* 354 N.W.2d 235, 236 (Iowa 1984). The burden is upon the committee to prove by a convincing preponderance of the evidence that the respondent has violated the Code of Professional Responsibility as charged. *E.g., Committee on Professional Ethics & Conduct v. Lawler,* 342 N.W. 2d 486, 487 (Iowa 1984).

Our review persuades us the committee met its burden in demonstrating

Houser's failure to timely file the above-noted tax returns. These allegations were admitted by Houser in the pleadings and confirmed by the evidence submitted during the hearing before the commission. These failures constitute violations of EC 1–5 and DR 1–102(A)(1), (4), (5) and (6) as charged by the committee. *See, e.g., Committee on Professional Ethics & Conduct v. Summa*, 416 N.W.2d 690, 691 (Iowa 1987). Similarly, Houser admitted in his answer to the committee's complaint that he falsely certified the filing of his 1981 returns on his 1983 commission questionnaire. This constitutes a violation of DR 1–102(A)(4). *See, e.g., Committee on Professional Ethics & Conduct v. Piazza*, 389 N.W.2d 382, 383 (Iowa 1986).

The dilatory handling of estate proceedings such as the evidence demonstrates here violates EC 1–5, EC 6–1 and DR 7–101(A)(2), *Committee on Professional Ethics & Conduct v. Blomker*, 379 N.W.2d 19, 22 (Iowa 1985), as well as EC 6–4 and DR 6–101(A)(3), *Committee on Professional Ethics & Conduct v. Bromwell*, 389 N.W. 2d 854, 856–57 (Iowa 1986). Houser's failure to respond to the committee's inquiries relating to these delinquencies violates EC 1–5, as well as DR 1–102(A)(1) and (6). *E.g., Committee on Professional Ethics & Conduct v. Stienstra*, 390 N.W.2d 135, 137 (Iowa 1986). Houser admits his failure to respond.

Based upon the record before us, we think the commission's recommendation too lenient to advance the goals of attorney discipline. *See, e.g., Stienstra*, 390 N.W.2d at 137. We suspend Houser's license to practice law in the courts of this state indefinitely without possibility of reinstatement for eighteen months. This suspension shall apply to all facets of the law practice. Iowa Sup.Ct.R. 118.12. Any application for reinstatement shall be governed by Iowa Supreme Court Rule 118.13. Costs are assessed against the respondent. Iowa Sup.Ct.R. 118.22.

LICENSE SUSPENDED.