COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

William Stephen MORRIS, Respondent.

No. 88–589.

Supreme Court of Iowa.

Aug. 17, 1988.

James E. Gritzner and Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, and Norman G. Bastemeyer, Des Moines, for complainant.

William S. Morris, Des Moines, pro se.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and ANDREASEN, JJ.

LARSON, Justice.

A complaint filed by the ethics committee of the Iowa State Bar Association charged William Morris with failure to file federal and state income tax returns and filing false answers on his attorney discipline and client security questionnaires. The grievance commission, following a hearing on the complaint, recommended a reprimand. *See* Iowa Sup.Ct. R. 118.9. On our review, we order his license suspended for a minimum of three months.

The committee alleged failure to file 1982 federal and state income tax returns, failure to file 1983 and 1984 Iowa returns, delinquent filing of his 1985 federal return, and false answers on his 1985 and 1986 questionnaires. The committee concedes that one of its allegations, the respondent's failure to file 1982 income tax returns, was not proven, and we do not address that matter.

■ The burden of proof is on the bar association committee to establish the allegations of the complaint by a "convincing preponderance of the evidence." *Committee on Professional Ethics & Conduct v. O'Donohoe*, 426 N.W.2d 166, 168 (Iowa 1988); *Committee on Professional Ethics & Conduct v. Davidson*, 398 N.W.2d 856,

856 (Iowa 1987). Our review is de novo. *Davidson*, 398 N.W.2d at 856.

### I. *The Income Tax Returns.*

■ The respondent had adjusted gross income of $3572 and $6098, respectively, for 1983 and 1984, including self-employment income each year in excess of $400. He testified that he had not filed state returns for those years because he understood they were not required in view of his income. He testified that, acting on the advice of his tax consultant, he merely sent copies of his 1983 and 1984 federal returns to the Iowa Department of Revenue. He does not contend this was the equivalent of filing Iowa returns. He now concedes he was liable for a 1984 state return, but does not concede his liability for 1983. We conclude he was liable for a state return for both years.

Because Morris had a gross income of over $1000 in 1983, he was required to file a *federal* return. *See* 26 U.S.C.A. § 6012(a)(1)(A) (West 1980). In addition, it appears he was required to file a federal return because he had self-employment income of over $400. *See* 26 U.S.C.A. § 6017. Morris's liability for a 1983 federal return is not in dispute; he filed that return. The issue is whether an Iowa return was also required. The grievance commission ruled that it was not, but we disagree. Iowa Code section 422.13(1) (1983) provides:

> Every resident ... of this state shall make and sign a return if any of the following are applicable:
>
> (a) The individual is required to file a federal income tax return under the Internal Revenue Code of 1954.

Adding to Morris's tax problems, he did not file his 1985 federal and state returns on time, nor did he request extensions to do so. His excuse is that his accountant, with whom he was having a disagreement, had held his 1985 records hostage in order to force a settlement with him.

In a further attempt to minimize his failure to comply with the filing requirements of the law, Morris states that he had "submitted" to an audit for the tax years 1982

through 1985 and had paid all taxes owed for that period nine months before the present complaint was filed. He does not say what prompted the audit, nor does he claim that resolution of his tax problems was at his own instance. In any event, failure to abide by the income tax laws is sufficient, standing alone, to constitute a violation of our code of professional conduct. *See Committee on Professional Ethics & Conduct v. Crawford*, 351 N.W. 2d 530, 531–32 (Iowa 1984); *Iowa State Bar Ass'n v. Kraschel*, 260 Iowa 187, 199, 148 N.W.2d 621, 628 (1967).

We agree with the respondent that his income tax problems, if taken individually, would not be particularly serious. But we must consider all of them together. *See Committee on Professional Ethics & Conduct v. Cook*, 409 N.W.2d 469, 470 (Iowa 1987). Doing so, we conclude the respondent's income tax violations ran afoul of these provisions of our code of professional responsibility: DR 1–102(A)(5) (conduct prejudicial to administration of justice) and DR 1–102(A)(6) (conduct reflecting on fitness to practice law). *See Committee on Professional Ethics & Conduct v. Munger*, 375 N.W.2d 248, 251 (Iowa 1985).

II. *The Questionnaire Answers.*

In Morris's 1985 and 1986 attorney questionnaires, he stated he had filed his 1983 and 1984 state income tax returns. These statements were false, thus providing an additional ground for discipline under DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation). *See Committee on Professional Ethics & Conduct v. Piazza*, 389 N.W.2d 382, 383 (Iowa 1986).

We conclude that Morris's violations warrant an indefinite suspension of his license to practice law. This suspension shall be imposed with no possibility of reinstatement for three months from the filing of this opinion. This suspension shall apply to all facets of the practice of law, Iowa Sup.Ct. R. 118.12, and any application for reinstatement shall be governed by rule 118.13.

Costs are taxed to the respondent pursuant to Iowa Sup.Ct. Rule 118.22.

LICENSE SUSPENDED.