**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Lloyd G. JACKSON, Respondent.**

**No. 88–770.**

Supreme Court of Iowa.

Sept. 21, 1988.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery, & O'Brien, P.C., and Norman G. Bastemeyer, Des Moines, for complainant.

Mark S. Pennington, Des Moines, for respondent.

PER CURIAM.

A complaint filed by the Committee on Professional Ethics and Conduct of the Iowa State Bar Association charged respondent Lloyd G. Jackson of Des Moines with failure to file federal and state income tax returns and filing a false answer on a Combined Statement and Questionnaire from the Client Security and Attorney Disciplinary Commission. Following the complaint hearing, the grievance commission recommended a suspension of respondent's license to practice law for three months. We have reviewed de novo the hearing record, *Committee on Professional Ethics & Conduct v. Morris,* 427 N.W.2d 458, 459 (Iowa 1988), and agree with the recommendation.

Jackson fully cooperated with the committee and the commission. The evidence was largely submitted by written stipulation of the parties. Although his accountant had secured an extension of time and Jackson had paid most of his taxes, he knowingly and willfully failed to timely file his 1982 and 1983 state and federal tax returns. These returns were filed on January 3, 1985. The same situation occurred on his 1985 state and federal return, which were eventually filed on September 4, 1987.

On June 30, 1984, Jackson signed and dated his 1984 client security statement and questionnaire, falsely stating that his 1982 state and federal income tax returns had been filed. He testified that on that date he had prepared the tax returns and intended to file them later that day or the next. He neglected to file the returns until approximately six months later. In 1987, Jackson stated in his questionnaire that he had not filed his 1985 federal and state tax returns. This admission apparently led to the investigation and the eventual complaint against him.

In its findings the commission noted that Jackson had an alcohol problem at the time of his infraction that may have impaired his judgment. He testified that he had voluntarily submitted himself to treatment for alcoholism at a local hospital in 1986.

We have often stated that a failure to file timely income tax returns and false answers on attorney questionnaires are in violation of the Iowa Code of Professional Responsibility for Lawyers. *Committee on Professional Ethics & Conduct v. Be-*

*lay,* 420 N.W.2d 783, 784–85 (Iowa 1988) (citations omitted); *Committee on Professional Ethics & Conduct v. Summa,* 416 N.W.2d 690, 691 (Iowa 1987). An attorney's alcohol problems and efforts to control them do not excuse misconduct, but may be considered along with other factors in determining a fitness to practice law. *See Committee on Professional Ethics & Conduct v. Rabe,* 284 N.W.2d 234, 236 (Iowa 1979).

We conclude that Jackson's violations, six untimely filed returns and false questionnaire answer, fall within the range of violations found in two of our recent cases which resulted in three month suspensions. *Morris,* 427 N.W.2d 458 (three untimely returns and two false attorney questionnaire statements); *Committee on Professional Ethics & Conduct v. Cook,* 409 N.W.2d 469 (1987) (six late returns and one false statement). In these cases we took into consideration the attorney's voluntary disclosure of misconduct, *Cook,* 409 N.W. 2d at 471, and evidence minimizing the seriousness of the failure to properly file returns, *Morris,* 427 N.W.2d at 459. Here, Jackson has taken steps to control his drinking problems and fully cooperated with the committee.

Accordingly, we follow the commission's recommendation and suspend Jackson's license indefinitely with no possibility of reinstatement for three months from the filing of this opinion. During the period of suspension Jackson shall refrain from the practice of law as defined in Iowa Supreme Court Rule 118.12. Any request for reinstatement shall be accompanied by proof that respondent has his alcoholism under control.

Cost are taxed to respondent pursuant to Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.

All justices concur except LAVORATO and SNELL, JJ., who take no part.