The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Thomas D. McMILLEN, Jr., Respondent.

No. 89–1224.

Supreme Court of Iowa.

Dec. 20, 1989.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Thomas Reilly, Des Moines, for respondent.

NEUMAN, Justice.

This matter is before the court for final disposition upon the Grievance Commission's recommendation that respondent Thomas J. McMillen's license to practice law be suspended. McMillen is charged with failure to timely file income tax returns and filing false reports with the Client Security and Disciplinary Commission. In accordance with Iowa Court Rule 118.10, we have reviewed de novo the record made before the commission. The violations have been established by a convincing preponderance of the evidence. Following the pattern of our prior cases, we suspend McMillen's license for nine months.

I. The Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) charged McMillen with knowing and willful failure to timely file his 1983, 1984, 1985, and 1986 state and federal income tax returns. In each of these years, records obtained from the Iowa Department of Revenue and Internal Revenue Service revealed that the returns were filed, on the average, two years late. No extension of the filing deadlines were sought or approved.

The committee also alleged that in 1986 McMillen falsely reported to the Client Security and Disciplinary Commission that he had timely filed his 1984 returns. The committee further charged that McMillen's client security reports for 1985, 1987, and 1988 were deliberately filed late in an attempt to conceal his failure to file income tax returns in 1983, 1985, and 1986.

McMillen denied the committee's request for admissions concerning these charges. While admitting that he "knew each State and Federal return herein mentioned was filed late," he disclaimed any intent to conceal that fact. He also asserted that he was "unaware that 'late' filing in and of itself constituted an ethical violation."

McMillen did not appear before the Grievance Commission to contest the charges. In an affidavit filed after the hearing, McMillen explained that his absence was due to an adverse reaction to a pain medication that caused him to sleep through the hearing. He asked the commission to consider the explanation previously offered in his response to request for admissions. He also suggested that burdensome alimony and child support obligations had led to his inability to meet the income tax deadlines.

We have repeatedly held that an attorney's willful failure to timely file federal and state income tax returns demonstrates a disrespect for the law regulating income taxation and thereby violates the Iowa Code of Professional Responsibility. *See,*

*e.g., Committee on Professional Ethics & Conduct v. Jones,* 441 N.W.2d 370, 371 (Iowa 1989); *Committee on Professional Ethics & Conduct v. Morris,* 427 N.W.2d 458, 460 (Iowa 1988); *Committee on Professional Ethics & Conduct v. Belay,* 420 N.W.2d 783, 784 (Iowa 1988). Giving false answers on a Client Security Commission questionnaire also constitutes ethical misconduct. *Committee on Professional Ethics & Conduct v. Clauss,* 445 N.W.2d 758, 760 (Iowa 1989); *Morris,* 427 N.W.2d at 460; *Committee on Professional Ethics & Conduct v. Davison,* 414 N.W.2d 97, 99 (Iowa 1987). Failure to file those questionnaires when due conceals an attorney's income tax violation "just as surely as if he [or she] had answered untruthfully." *Committee on Professional Ethics & Conduct v. Klein,* 394 N.W.2d 358, 360 (Iowa 1986).

The burden is upon the committee to establish its charges by a convincing preponderance of the evidence. *Davison,* 414 N.W.2d at 98. That standard is easily met here. McMillen pleads ignorance, not of the tax laws, but of his professional responsibility to adhere to them. Given the many, many reported cases of this kind, we find McMillen's unfamiliarity with the law not only surprising but utterly insufficient to excuse his misconduct. Like the Grievance Commission, we conclude that he has violated the following provisions of the Iowa Code of Professional Responsibility for Lawyers: EC 1–5 (lawyer's violation of law tends to lessen public confidence in legal profession) and DR 1–102(A)(1), (4), (5) and (6) (lawyer shall not violate disciplinary rules and shall not engage in illegal conduct involving moral turpitude, dishonesty, deceit or misrepresentation, conduct that is prejudicial to the administration of justice, or any other conduct adversely reflecting on fitness to practice law).

II. The Grievance Commission recommended that we suspend McMillen's license for not less than three months. While we give respectful consideration to the commission's findings and recommendations, we are not bound by them. *Davison,* 414 N.W.2d at 99.

A review of the tax evasion/false reporting cases recently before this court reveals the following range of sanctions: *Clauss,* 445 N.W.2d at 760 (six-month suspension for failure to file returns for three years plus false certification); *Committee on Professional Ethics & Conduct v. Jay,* 430 N.W.2d 115, 118 (Iowa 1989) (sixty-day suspension for two-year failure to file); *Committee on Professional Ethics & Conduct v. Jackson,* 429 N.W.2d 122, 123 (Iowa 1988) (three-month suspension for two-year failure to file); *Morris,* 427 N.W.2d at 460 (three-month suspension for three-year failure to file); *Committee on Professional Ethics & Conduct v. Ramey,* 424 N.W.2d 435, 437 (Iowa 1988) (six-month suspension for failure to file four income tax returns and one false certification); *Committee on Professional Ethics & Conduct v. Houser,* ·423 N.W.2d 1, 2 (Iowa 1988) (eighteen-month suspension for five-year failure to file). *Committee on Professional Ethics & Conduct v. Cook,* 409 N.W.2d 469, 471 (Iowa 1987) (three-month suspension for three years of late filings and one false certification).

In determining an appropriate sanction, each case is considered independently on its facts. *Davison,* 414 N.W.2d at 99. Thus in the *Jay* and *Cook* cases cited above, we determined that an attorney's voluntary disclosure of an infraction is an important factor mitigating the penalty imposed. *Morris* involved disputed filing requirements that were ultimately resolved against the respondent. The tax violations in *Houser* were compounded by probate delinquencies, thus prompting a lengthier suspension.

To his credit, McMillen cooperated with the committee and investigators acting on behalf of the Client Security and Disciplinary Commission. His failure to file returns was repeated, however, and the delay before filing lengthy. We think that this conduct, compounded by his attempt to cover up his omission through false or delayed reporting to a commission of this court, warrants an indefinite suspension without possibility of reinstatement for nine months.

**341**

Accordingly, we suspend Thomas D. McMillen's license to practice law indefinitely, with no possibility of reinstatement, for nine months from the date of the filing of this opinion. During the period of suspension McMillen shall refrain from the practice of law as that term is defined in Iowa Supreme Court Rule 118.12.

It is further ordered that the costs of this action shall be assessed against the respondent in accordance with Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.

All Justices concur except LAVORATO, J., who takes no part.