The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Marshall J. HUNZELMAN, Respondent.

No. 92–1069.

Supreme Court of Iowa.

Nov. 25, 1992.

Norman G. Bastemeyer, Charles L. Harrington, Des Moines, for complainant.

Gary A. Robinson, William S. Smith, Des Moines, for respondent.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

The Ethics Committee of the Iowa State Bar Association charged Marshall J. Hunzelman with several violations of our Code of Professional Responsibility. Specifically, the Committee charged that he had failed to file federal and state income tax returns and that he had filed false answers on his attorney discipline and security questionnaires. The commission recommended a reprimand. *See* Court Rule 118.9. On review of that recommendation, we order that his license be suspended for a minimum of three months.

According to the complaint, the respondent failed to file his Iowa income tax returns for 1986, 1987, and 1988 and failed to file his federal income tax for the last two of those years. In addition, Hunzelman signed his 1989 and 1990 combined statement and questionnaire from the Client Security and Attorney Disciplinary Commission in which he stated that he had filed all income tax returns then due. The Committee charges that these statements were untrue.

Hunzelman admits his failure to file the returns and admits that he filed false answers on the questionnaires, but he claims that his problems were the result of depression arising out of family problems. A psychiatrist testified that Hunzelman suffered from depression, which caused him to be dysfunctional. In his opinion, Hunzelman's depression was a cause of his failure to file the tax returns.

■ In these cases, the Committee bears the burden of proving the violations by a convincing preponderance of the evidence. *Committee on Professional Ethics & Conduct v. Morris,* 427 N.W.2d 458, 459 (Iowa 1988).

■ Failure to file income tax returns constitutes a violation of our Code of Professional Responsibility, specifically DR 1–102(A)(1), (4), (5), and (6) and EC 1–5.

■ In addition, false certifications on client security questionnaires are separate violations of the code: DR 1–102(A)(4) and Court Rules 121.4(a) and (c) (client security). *See Committee on Professional Ethics & Conduct v. Piazza,* 389 N.W.2d 382, 383 (Iowa 1986).

■ We sympathize with Hunzelman's personal problems. However, as we stated in *Committee on Professional Ethics and Conduct v. Cook,* 409 N.W.2d 469, 470 (Iowa 1987):

It scarcely needs to be said that during recent years we have been presented with a depressing array of attorney disciplinary cases, many involving failure to file tax returns. Nearly every lawyer involved in these cases could cite personal problems as the cause of the professional downfall. But life in general is a series of problems and it is the fundamental purpose of our profession to face

and solve them. Our profession certainly cannot excuse misconduct on the basis of personal problems. Respondent's failure cannot be justified on the basis of his personal problems.

We conclude that Hunzelman's violations warrant an indefinite suspension of his license to practice law. The suspension shall be imposed with no possibility of reinstatement for three months from the filing of this opinion and shall apply to all facets of the practice of law. Court Rule 118.12. Any application for reinstatement shall be governed by rule 118.13. *See Morris,* 427 N.W.2d at 460; *Cook,* 409 N.W.2d at 471.

Costs are taxed to the respondent pursuant to Court Rule 118.22.

LICENSE SUSPENDED.