**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Ronald E. RUNGE, Respondent.**

**No. 98–1772.**

Supreme Court of Iowa.

Jan. 21, 1999.

Norman G. Bastemeyer and David J. Grace, Des Moines, for complainant.

Ronald E. Runge, Sioux City, pro se.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and CADY, JJ.

LAVORATO, Justice.

Iowa Supreme Court Board of Professional Ethics and Conduct alleged, and the Grievance Commission found, that Ronald E. Runge failed to file state income tax returns and pay the taxes on the dates due. Although the commission recommended a ninety-day suspension, we think a six-month suspension is more appropriate. We suspend Runge's license to·practice law indefinitely,

---

with no possibility of reinstatement for six months from the filing date of this opinion.

Runge has practiced law in Sioux City since 1958. He is a general practitioner. At one time, a small portion of his practice included tax work but he has not done such work in recent years.

In September 1996, the State charged Runge with four counts of fraudulent practice in the second degree. Fraudulent practice in the second degree is a class "D" felony. Iowa Code § 714.10(1). Fraudulent practice in the second degree occurs "where the amount of money or value of property or service involved exceeds one thousand dollars but does not exceed ten thousand dollars." *Id.*

In February 1997, the State and Runge entered into a written plea agreement in which the State agreed to dismiss three counts and to downgrade another count to a fraudulent practice in the third degree, an aggravated misdemeanor. *See* Iowa Code § 714.11(1). In return, Runge was to plead guilty to the amended count. The State also agreed to recommend a fine of $1000 and two years probation. The plea agreement also provided that Runge pay restitution for the taxes as set forth in Counts I through IV along with the 75% evasion penalty and interest to date of payment as provided in Iowa Code section 421.7. In the plea agreement, Runge represented that he could make, and agrees to "make, an up-front restitution payment of $5000 within ten days from the date of entry of the plea" and that he could "make monthly payments toward restitution of not less than $300."

At the same time he entered the plea agreement, Runge executed a written plea of guilty in which he stated:

I understand that in order to prove me guilty, the State must prove these elements of fraudulent practice in the third degree:

1. Defendant had a taxable income for Iowa purposes during tax year 1993 in an amount which required payment of income tax in excess of $1000.
2. On or about 4/30/94 Defendant failed to file an Iowa income tax return re-

porting such income, and did fail to pay the income tax due.

3. The failure to pay the income tax due was willful.

Additionally, Runge stated "I am knowingly and intelligently pleading guilty to the above charge because I am guilty."

Several days later, pursuant to the guilty plea, the district court adjudged Runge guilty of fraudulent practice in the third degree, sentenced him to an indeterminate term of two years in prison, suspended his sentence, and placed him on probation for two years. As a condition of probation, the court ordered Runge to (1) pay a fine of $1000 plus surcharge, (2) pay immediately $5000 toward restitution, and (3) make restitution payments of not less than $300 per month.

The restitution statement filed at the same time showed the additional taxes owed, as alleged in each of the four counts: Count I–1991, $4852.06; Count II–1992, $3994.28; Count III–1993, $1312.51; Count IV–1994, $1769.88. The additional taxes owed for these four years totaled $11,928.73. Penalties amounted to $8946.55, and interest amounted to $4455.06. Total restitution for additional taxes owed, penalties, and interest amounted to $25,330.34. Runge was also liable for continuing interest on the taxes owed pursuant to Iowa Code section 421.7.

On May 28, 1998, the board filed a complaint against Runge, alleging that he had failed to pay his Iowa income tax and failed to file his Iowa income tax returns on the due dates for the years 1991, 1992, 1993, and 1994 in violation of Iowa Code sections 422.25(5), 714.8(10), and 714.10(1). In addition, the board alleged that Runge had been convicted of fraudulent practice in the third degree, an aggravated misdemeanor. *See* Iowa Code §§ 422.25(5), 714.8(10), and 714.11(1). The board alleged this conduct was in violation of Iowa Code of Professional Responsibility for Lawyers DR 1–102(A)(3) (engaging in conduct involving moral turpitude), (4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), (5) (engaging in conduct that is prejudicial to the administration of justice), and (6) (engaging in conduct that

adversely reflects on the fitness to practice law).

On our de novo review we agree with the commission that the board has established by a convincing preponderance of the evidence that Runge failed to pay his Iowa income tax and failed to file his state returns on the due dates for the four years involved. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Postma*, 555 N.W.2d 680, 681 (Iowa 1996) (holding that board must prove its allegations of lawyer misconduct by a convincing preponderance of the evidence; our review is de novo). We have held that "[w]hen a lawyer's income exceeds the sum triggering the tax return filing requirement, failure to file a tax return constitutes misrepresentation of that income" in violation of DR 1–102(A)(4). *Committee on Prof'l Ethics & Conduct v. Belay*, 420 N.W.2d 783, 784 (Iowa 1988). In addition, "[s]uch misrepresentation is a deceitful offense involving moral turpitude" in violation of DR 1–102(A)(3). *Id.* It is also conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5) and conduct that adversely reflects on the fitness to practice law in violation of DR 1–102(A)(6). *Id.*

■ Runge was indeed fortunate to have struck a plea bargain with the State absolving him of four felony convictions. Nevertheless, the record is clear that Runge—knowing full well the filing deadlines—failed to file the State returns in question and failed to pay the amounts stated in the restitution statement on the due dates. We therefore agree with the commission that such conduct violated DR 1–102(A)(3), (4), (5), and (6).

■ Having determined Runge committed ethical violations, we must now decide what sanction is appropriate in the circumstances. In making that decision, we must keep in mind that

> [a]ttorney disciplinary proceedings are not designed to punish, but rather to determine the fitness of an officer of the court to continue in that capacity, to insulate the courts and the public from those persons unfit to practice law, to protect the integrity of and the public confidence in our

system of justice, and to deter other lawyers from engaging in similar acts or practices.

*Committee on Prof'l Ethics & Conduct v. Borchart*, 392 N.W.2d 491, 492 (Iowa 1986) (citation omitted).

We tailor sanctions to the facts of each case. Nevertheless, we think sanctions in other tax cases are a helpful guide. *See, e.g., Committee on Prof'l Ethics & Conduct v. Oltrogge*, 463 N.W.2d 19, 20 (Iowa 1990) (holding one-year suspension warranted for failing to file on the due dates federal and state income tax returns for five years and for falsely answering questions on annual statements and questionnaires from the Client Security and Attorney Disciplinary Commission); *Committee on Prof'l Ethics & Conduct v. Houser*, 423 N.W.2d 1, 2 (Iowa 1988) (holding eighteen-month suspension warranted for failing to file on the due dates state income tax returns for four years and federal income tax returns for five years, compounded by the fact that attorney made false answers on Client Security and Attorney Disciplinary Commission Questionnaire relating to one year); *Belay*, 420 N.W.2d at 785 (holding six-month suspension warranted for failing to file on the due dates federal income tax returns for two years); *Committee on Prof'l Ethics & Conduct v. Cook*, 409 N.W.2d 469, 470–71 (1987) (holding three-month suspension warranted for failing to file on the due dates federal income tax returns for three years and state returns for two years; also attorney made false certification his returns were filed); *Committee on Prof'l Ethics & Conduct v. McDermott*, 405 N.W.2d 824, 825 (Iowa 1987) (holding that fifteen-month suspension warranted for failing to file on the due dates federal income tax returns for four years and falsely stating compliance with the tax filing requirements in Client Security and Attorney Disciplinary Commission Questionnaire for three years).

■ Although we routinely give respectful consideration to our commission's findings and recommendations, we are not bound by them. *Belay*, 420 N.W.2d at 784. In considering the appropriate sanction, we consider that Runge has before violated our rules of professional conduct and has received a pub-

lic reprimand for such violation. *See Committee on Prof'l Ethics & Conduct v. Nadler,* 467 N.W.2d 250, 254 (Iowa 1991) (holding a prior reprimand of attorney was a factor in considering an appropriate sanction). After carefully considering (1) the facts in this case, (2) sanctions in other comparable tax cases, and (3) Runge's previous ethical violation, we think the appropriate sanction in this case is a six-month suspension.

We therefore suspend Runge's license to practice law in this state indefinitely, with no possibility of reinstatement for six months from the filing date of this opinion. This suspension applies to all facets of the practice of law. *See* Ct. R. 118.12. Upon application for reinstatement, Runge shall have the burden to prove that he has not practiced law during the period of suspension and that he has met the requirements for client notification set forth in court rule 118.18. Court rule 118.13 shall govern any application for reinstatement. Costs are assessed against Runge. *See* Ct. R. 118.22.

**LICENSE SUSPENDED.**