**IOWA SUPREME COURT BOARD OF
PROFESSIONAL ETHICS AND
CONDUCT, Complainant,**

v.

**Roger W. SUNLEAF, Respondent.**

**No. 98–1644.**

Supreme Court of Iowa.

Jan. 21, 1999.

Norman Bastemeyer, Charles Harrington, and David Grace, Des Moines, for complainant.

Mark McCormick of Belin Lamson McCormick Zumbach Flynn, a P.C., Des Moines, and Roger W. Sunleaf, Montezuma, pro se, for respondent.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and TERNUS, JJ.

HARRIS, Justice.

In myriad lawyer disciplinary cases we have noted the axiom that we give respectful consideration to the sanction recommended by the grievance commission, but must reserve to ourselves the ultimate responsibility in the matter. A corollary to the axiom is that the commission's recommendation weighs most heavily in cases where the appropriate discipline is most difficult to assess. The misconduct in the present case lies at the precise boundary between suspension and public reprimand. Under the circumstances we impose the public reprimand recommended by the commission.

Roger W. Sunleaf, the respondent attorney, was admitted to practice in 1963 and has concentrated on probate and personal injury cases. Our ethics board was alerted to this matter by a letter from Sunleaf's former secretary, accusing him of commingling his own funds with his clients' trust accounts. Although Sunleaf vigorously denied the charge in a letter he sent in response to an inquiry by the board, the commingling was established as true by an audit directed by our client security and disciplinary commission. Sunleaf used his trust account for the deposit of earned fees and for the payment of both personal and business expenses. He did so in order to hide funds from the federal internal revenue service which had levied on his business account for two unpaid payroll tax obligations. The commingling violated DR 9–102(A) of the Iowa

code of professional responsibility for lawyers.

■ Sunleaf compounded the commingling by his letter to the board denying it, and also by certifying there was no commingling of funds on his 1997 combined statement and questionnaire to our client security and attorney disciplinary commission, a clear violation of DR 1–102(A)(4) of the Iowa code of professional responsibility for lawyers.

■ The commission was on track in discounting the factors Sunleaf suggested in palliation for his misconduct: a personal health crisis, pressing financial problems, and a bout with alcoholism. We regularly see this trio lurking in the background of lawyer disciplinary cases, and routinely explain that, although our sympathy is frequently aroused, protection of the public interest prevents us from being swayed by them. In *Committee on Professional Ethics & Conduct v. Cook*, 409 N.W.2d 469, 470 (Iowa 1987), we put it this way:

> Nearly every lawyer involved in these cases could cite personal problems as the cause of the professional downfall. But life in general is a series of problems and it is the fundamental purpose of our profession to face and solve them. Our profession certainly cannot excuse misconduct on the basis of personal problems.

■ The commission was also correct in refusing to give consideration to the motive of Sunleaf's former secretary in alerting the board to Sunleaf's misconduct. In *In re Boyer*, 231 Iowa 597, 600, 1 N.W.2d 707, 709 (1942), we said a complainant's motives were not a bar to disbarment. We now prefer to say that a complainant's motives are irrelevant in lawyer disciplinary cases.

The commission was prompted to its recommendation after becoming convinced this episode is an aberration, wholly out of plumb with Sunleaf's many years of practice which appear to have been honorable. His reputation for honesty was established by lawyers of unquestioned ability and discernment. Sunleaf has come to terms with his alcoholism. The audit uncovered no evidence of misappropriation of client funds. We accord-

ingly accede to the commission's recommendation.

Roger W. Sunleaf is hereby publicly reprimanded for the misconduct hereinbefore described.

**ATTORNEY REPRIMANDED.**