**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Appellee,**

v.

**Russel A. NEUWOEHNER, Appellant.**

No. 98–2152.

Supreme Court of Iowa.

June 3, 1999.

Russel A. Neuwoehner, Dubuque, appellant pro se.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and CADY, JJ.

NEUMAN, Justice.

This is a lawyer disciplinary action involving Russel A. Neuwoehner of Dubuque, Iowa. A division of the grievance commission recommended a ninety-day suspension in connection with Neuwoehner's failure to file state income tax returns and resultant conviction of third-degree fraudulent practices. On appeal, Neuwoehner challenges only the commission's recommended sanction. We are convinced the commission's findings are sound and Neuwoehner's unethical conduct demands a suspension.

I. The facts are not disputed. Neuwoehner has been engaged in the general practice of law since 1972. He has not previously been charged with violation of the Iowa Code of Professional Responsibility for Lawyers.

Neuwoehner failed to file Iowa income tax returns for 1993, 1994, and 1995. He likewise failed to pay his tax obligations for those years. Pursuant to a plea agreement with the state, Neuwoehner pleaded guilty to one count of fraudulent practice in the third degree for which he received a fine and two-year prison sentence, suspended, and was ordered to pay restitution and court costs. *See* Iowa Code §§ 422.25(5), 714.8(10), 714.11(1) (1995). The Iowa Supreme Court Board of Professional Ethics and Conduct then charged him with violating the following provisions of the Iowa Code of Professional Responsibility for Lawyers: DR 1–102(A)(3) (illegal conduct involving moral turpitude); DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (conduct prejudicial to the administration of justice); and DR 1–

102(A)(6) (conduct adversely reflecting on fitness to practice law).

At a hearing before the grievance commission, Neuwoehner acknowledged his criminal conviction but quite stubbornly maintained that his failure to file returns and pay income taxes was neither immoral, dishonest, professionally unethical, or prejudicial to the administration of justice. The commissioners expressed considerable surprise at his response. One of them closed the hearing with an observation that we believe bears repeating:

> The thing that troubles me the most, quite honestly here, is the fact that I think you fail to appreciate what it means to be a lawyer and the high standards which we all have to adhere to. And I think you fail to appreciate that when you do something like this, it reflects adversely on each and every one of us who work as hard every day as you do to do a good job for our clients and it reflects adversely on the court system and good people who work there trying to do justice in our society, and I think it's very important for each and every one of us to understand that every day that we go to the office. And I hope you will. And every day that we go to the courthouse. Because that's what we're all about.

II. Neuwoehner's appeal of the commission's decision is before us in accordance with court rule 118.11. Our review is de novo. *Committee on Prof'l Ethics & Conduct v. Davison*, 414 N.W.2d 97, 98 (Iowa 1987). The burden rests with the board to prove its charges by a convincing preponderance of the evidence. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Runge*, 588 N.W.2d 116, 118 (Iowa 1999). It has easily done so here. We have consistently held that a lawyer's failure to file income tax returns misrepresents that lawyer's income; such deceit is illegal and involves moral turpitude; and such conduct reflects adversely on the administration of justice as well as the lawyer's fitness to practice law. *Id.;*

*Committee on Prof'l Ethics & Conduct v. Hunzelman*, 492 N.W.2d 670, 671 (Iowa 1992); *Committee on Prof'l Ethics & Conduct v. Belay*, 420 N.W.2d 783, 784 (Iowa 1988).

The question is what sanction to impose. While we are not bound by the commission's recommendation, we give it respectful consideration. *Belay*, 420 N.W.2d at 784. We recently surveyed the range of sanctions imposed in comparable disciplinary cases involving tax evasion. *See Runge*, 588 N.W.2d at 118 (noting suspensions ranging from three months to fifteen months depending on scope of failure to file, false certification to the court, and prior disciplinary record). Clearly the reprimand Neuwoehner seeks falls below the customary range of discipline for his offenses. We believe the ninety-day suspension recommended by the commission more properly reflects the seriousness of his criminal behavior, while better protecting the integrity of a profession sworn to respect and uphold the law and committed to deterring others from engaging in similar behavior. *See id.* But for Neuwoehner's otherwise unblemished record of ethical practice, a more severe sanction would be warranted.

We therefore suspend Neuwoehner's license to practice law in this state indefinitely, with no possibility of reinstatement for three months from the filing date of this opinion. This suspension applies to all facets of the practice of law. *See* Ct.R. 118.12. Upon application for reinstatement, Neuwoehner shall have the burden of proving that he has not practiced law during the period of suspension and that he has met the client notification requirements of court rule 118.18. Any application for reinstatement shall be governed by court rule 118.13. Costs are assessed against Neuwoehner. *See* Ct.R. 118.22.

**LICENSE SUSPENDED.**