619 N.W.2d 319 (2000)
IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,
v.
Gene A. WICKEY, Respondent.
No. 00-1165.
Supreme Court of Iowa.
November 16, 2000.
Norman G. Bastemeyer and David J. Grace, Des Moines, for complainant.
Gene A. Wickey, Sioux City, pro se.
Considered en banc.
CARTER, Justice.
Respondent, Gene A. Wickey, an attorney, was charged with five counts of willful failure to pay Iowa income taxes that were legally owed and one count of failing to pay Iowa income taxes withheld from his employees. The years involved were 1993-1997. Some of the failure-to-pay counts also included allegations of failure to timely file his tax returns. The offenses charged were all class "D" felonies. Ultimately, one of the charges pertaining to the year 1997 was reduced to an aggravated misdemeanor. Respondent pled guilty to that charge, and the other charges were dismissed. Respondent was placed on probation and ordered to make restitution of $23,521.
The Iowa Supreme Court Board of Professional Ethics and Conduct filed a multi-count complaint against respondent, alleging that he willfully failed to timely file his Iowa income tax returns for the years 1993, 1994, 1996, and 1997 and also willfully failed to pay the tax owed for those years. Respondent concedes that his tax returns for these years were not filed on or before the April 30 filing date. He also admits that he failed to pay the total amount of tax owed for each of the years involved within the period that payment was required by law. He contends, however, that his accountant sought and obtained extensions of time from the taxing authorities for the filing of the returns. On the issue of nonpayment, he claims that *320 financial hardship prevented him from paying at the time the taxes became due.
The only evidence in the record supporting respondent's contention that he obtained extensions of time for filing his returns is his own testimony. The board's request for documentation was not honored. There is ample evidence in the record that even if respondent had obtained an extension of time for filing his returns from the tax authorities, he did not act to file his returns within the time granted. The grievance commission did not resolve that issue. We find that he did not file his returns for the years in question within the time provided by law.
During the time that respondent was experiencing his Iowa income tax problems, he was also being visited with substantial financial sanctions as a result of a large federal income tax delinquency. The record indicates the amount of taxes and penalties owed the federal government was greater than respondent's net worth. He lost his home and other assets as a result. His bank accounts were frequently garnished. He eventually compromised the federal government's tax claim and made payment through loans from friends and relatives. He claims that as a result of these circumstances and poor financial planning he never had the funds required to pay his Iowa taxes. The basis for the federal income tax claims against respondent have not been made to appear in the record of this case. They form no basis for the disciplinary charges that have been made against respondent.
The grievance commission found that the board had established by a convincing preponderance of the evidence that he had failed to pay his Iowa income tax and failed to timely file his state income tax returns on the due dates for the four years involved in the complaint. It found that such conduct constituted a violation of DR 1-102(A)(3), (4), (5), and (6) of the Iowa Code of Professional Responsibility for Lawyers. The grievance commission also noted that respondent had previously received a public reprimand from the board for failure to account to a client after paying himself a fee from bond money recovered for the client. The grievance commission recommended that respondent's license be suspended for an indefinite period of time with no possibility of reinstatement before three months.
Respondent's case is quite similar to two other disciplinary matters recently brought before this court. In Iowa Supreme Court Board of Professional Ethics & Conduct v. Runge, 588 N.W.2d 116 (Iowa 1999), the attorney involved had originally been charged with four class "D" felonies for failure to file state income tax returns and pay the taxes on the date due. Like Wickey, he obtained a concession allowing him to plead guilty to a reduced charge constituting an aggravated misdemeanor. Upon his pleading guilty to that count, the other charges were dismissed. After reviewing the range of discipline in other cases in which lawyers had failed to comply with the income tax laws, we noted in Runge that sanctions varied from three months to fifteen months, depending on the scope of the failure to file and other circumstances presented. Runge, 588 N.W.2d at 118. We determined in the Runge case that the appropriate sanction was a suspension for not less than six months. Id. at 119.
In the more recent case of Iowa Supreme Court Board of Professional Ethics & Conduct v. Neuwoehner, 595 N.W.2d 797 (Iowa 1999), the attorney in question also pled guilty to an aggravated misdemeanor based on failure to file Iowa income tax returns for a single year. His nonfilings actually involved three years. This court imposed a suspension of not less than three months with the caveat that "[b]ut for Neuwoehner's otherwise unblemished record of ethical practice, a more severe sanction would be warranted." Neuwoehner, 595 N.W.2d at 798. As previously noted, respondent's previous record is not unblemished as a result of a prior public reprimand from the board.
*321 We conclude that respondent is guilty of the ethical violations the board found to have occurred. Although we give respectful consideration to the grievance commission's recommendations, we are convinced in the present case that the length of suspension should be in accord with that imposed in the Runge case, rather than that which was imposed in the Neuwoehner case. We therefore suspend attorney Gene A. Wickey's license to practice law in this state indefinitely with no possibility of reinstatement for six months following the filing of this opinion. This suspension applies to all facets of the practice of law. See Ct.R. 118.12. Upon application for reinstatement, Wickey shall demonstrate that he has not practiced law during the period of suspension and that he has met the requirements for client notification set forth in Court Rule 118.18.
Costs are assessed against Wickey and payment of same shall be a condition of reinstatement.
LICENSE SUSPENDED.
McGIVERIN, S.J.,[*] participates in place of LARSON, J., who takes no part.
NOTES
[*] Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).