IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

Renauld J. WAGENER, Respondent.

No. 00–1262.

Supreme Court of Iowa.

Dec. 20, 2000.

Norman G. Bastemeyer and David J. Grace, Des Moines, for complainant.

David L. Phipps, Des Moines, for respondent.

LARSON, Justice.

Our Board of Professional Ethics and Conduct charged this respondent, Renauld J. Wagener, with several violations of our Code of Professional Responsibility arising out of his conviction of failure to file an Iowa income tax return. Following a hearing on the complaint, the Grievance Commission recommended a suspension of not less than six months.

## I. *The Facts.*

Evidence in this case was established through the board's request for admissions, application of issue preclusion based on the criminal case, and the testimony of the respondent and his wife. The respondent failed to file his own state tax return for 1993, although his wife filed her own state return for that year. (The status of the respondent's 1993 federal income tax return was not established and is not involved in this disciplinary proceeding.) The respondent admitted his failure to file, but he asserted through his lawyer "he simply could not get focused on that task [preparing and filing a tax return] and didn't do it." He claimed his failure to file was largely based on his preoccupation with his wife's serious back problems.

## II. *The Charges.*

The respondent was convicted of violating Iowa Code sections 422.25(5), 714.8(10), and 714.11(1) (1993), constituting the crime of third-degree fraudulent practice. The board charged he thereby violated these provisions of our Code of Professional Responsibility: DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude), DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), and DR 1–102(A)(6) (any other conduct adversely reflecting on fitness to practice law). The respondent admitted these violations, and the commission found the violations were established. On our review, we agree these violations were established by a convincing preponderance of the evidence. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Runge,* 588 N.W.2d 116, 118 (Iowa 1999). The only remaining issue is what discipline should be imposed.

### III. *The Disposition.*

While we understand the respondent was preoccupied with his wife's illness, this does not excuse or mitigate his conduct. *See Comm. on Prof'l Ethics & Conduct v. Crawford,* 351 N.W.2d 530, 531–32 (Iowa 1984) (Respondent's wife "required medical care and respondent spent considerable time with her"; supreme court nevertheless held this and other excuses for not filing did "not pose insurmountable obstacles to filing on time" and imposed suspension.). We have a similar case here; the respondent's wife had a serious back problem in 1991, 1992, and 1993, but it had improved by 1994 when the return was due. In fact, the respondent assisted his wife in the preparation of her own return for the 1993 tax year.

Although the respondent admitted the allegations of the complaint and cooperated fully in the case (he caused the matter to be brought to the attention of the board), discipline is nevertheless necessary to deter similar conduct by others and to maintain the reputation of the bar as a whole. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Doughty,* 588 N.W.2d 119, 120 (Iowa 1999).

In determining the sanction to be imposed, we are mindful of the respondent's similar problem in 1977 involving his failure to file his 1973 state income tax return. *See* Ct. R. 118.7 (commission and supreme court to consider prior discipline in imposing sanction). By aggregating both the present offense and the respondent's prior discipline, a suspension is called for in view of analogous disciplinary cases involving multiple years' tax returns. *See, e.g., Runge,* 588 N.W.2d at 117 (six-month suspension for failure to file returns for four years); *Comm. on Prof'l Ethics & Conduct v. Baudino,* 452 N.W.2d 455, 460 (Iowa 1990) (six-month suspension for failing to file federal and state returns for three years). Based on the respondent's prior discipline (three-month suspension for income tax violation) and the present charges, we conclude a minimum suspension of six months is warranted. Accordingly, it is ordered that the respondent's license be suspended indefinitely with no possibility of reinstatement for six months following the filing of this opinion. Upon application for reinstatement, the respondent shall have the burden of proving he has not practiced law during the period of suspension and that he has met the requirements for client notification set forth in Court Rule 118.18. Costs are assessed to the respondent. *See* Ct. R. 118.22.

**LICENSE SUSPENDED.**