IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

Brien Patrick O'BRIEN, Respondent.

No. 04–1281.

Supreme Court of Iowa.

Dec. 10, 2004.

Charles L. Harrington and David J. Grace, Des Moines, for complainant.

Joe Cosgrove, Sioux City, for respondent.

CARTER, Justice.

This is a review of the findings and recommendation of the court's grievance commission with respect to allegations of professional misconduct against attorney Brien Patrick O'Brien (respondent). The grievance commission found that respondent violated the Iowa Code of Professional Responsibility for Lawyers in connection with his failure to file Iowa income tax returns for the years 1997 and 1998 when required to do so. That failure resulted in his criminal conviction for fraudulent practices in the third degree, an aggravated misdemeanor. The commission found that this course of conduct was a violation of Disciplinary Rule 1–102(A) of the Iowa Code of Professional Responsibility for Lawyers. The grievance commission recommended that respondent's license be suspended for an indefinite period of no less than six months to run concurrently with a suspension previously imposed against respondent by this court.

Our review of the findings and recommendations of the grievance commission is undertaken in accordance with Iowa Court Rule 35.10. This review process is de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Pracht,* 656 N.W.2d 123, 125 (Iowa 2003); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mulford,* 625 N.W.2d 672, 679 (Iowa 2001). We are not bound by the findings of the commission but give them weight. *Pracht,* 656

N.W.2d at 125. Iowa Court Rule 35.10 provides that "the supreme court may impose a lesser or greater sanction than the discipline recommended by the grievance commission."

■ Because the facts surrounding respondent's failure to file Iowa income tax returns and the resulting criminal conviction appear without dispute, the Iowa Supreme Court Board of Professional Ethics and Conduct (board), which prosecuted the complaint against respondent, has satisfied its burden to prove the alleged ethical violations by a convincing preponderance of the evidence. *See Mulford,* 625 N.W.2d at 679. The grievance commission's recommended sanction of an indeterminate suspension for at least six months is consistent with discipline imposed by this court in similar cases involving failure to file income tax returns. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Engelhardt,* 630 N.W.2d 810, 815 (Iowa 2001) (failure to file state income tax returns for three years and employee withholding tax declarations for fifteen quarters—six-month suspension); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Wickey,* 619 N.W.2d 319, 321 (Iowa 2000) (failure to file Iowa income tax returns for four years—six-month suspension); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Runge,* 588 N.W.2d 116, 119 (Iowa 1999) (failure to file state income tax returns for four years—six-month suspension); *Comm. on Prof'l Ethics & Conduct v. Baudino,* 452 N.W.2d 455, 460 (Iowa 1990) (failure to file state

income tax returns for three years, failure to file federal income tax returns for three years—six-month suspension); *Comm. on Prof'l Ethics & Conduct v. Ramey,* 424 N.W.2d 435, 436–37 (Iowa 1988) (failure to file state income tax returns for three years, failure to file federal income tax returns for one year—six-month suspension).

As we have previously noted, respondent's license is presently under suspension. That suspension is in regard to a proceeding for reciprocal discipline based on his voluntary disbarment in Nebraska. In response to the Nebraska proceedings, we found that the course of conduct revealed by the record therein, although amounting to a serious ethical violation, was not such conduct as would result in disbarment by this court.[1] Consequently, we imposed an indefinite period of suspension of not less than three years. That suspension commenced on May 21, 2003.

The board suggests that the period of suspension to be imposed for respondent's income-tax violations should take effect at the conclusion of the suspension previously imposed rather than being made concurrent with the existing suspension. We disagree. Respondent's conduct with respect to his failure to file tax returns antedated the transactions that led to the disciplinary proceedings on which his current suspension was based. Had we been aware of the tax-return violations at the time of imposing the three-year suspension of his license, it is unlikely that this information would have resulted in a more

---

1. The disbarment order in Nebraska was pursuant to a voluntary surrender of respondent's license. Respondent's affidavit filed in connection with that proceeding recited that he had received a personal-injury settlement in the sum of $35,000 on behalf of a client. He remitted a portion thereof to the client and paid himself his contingent fee and cost reimbursements. The amount of $9918 that remained was intended to pay medical providers. That sum was not properly maintained in respondent's trust account while he was negotiating with the medical providers. However, the medical providers were ultimately paid, and the $6079 remaining from the settlement proceeds was remitted to the client. The entire transaction took approximately nine months.

lengthy suspension. *See Pracht,* 656 N.W.2d at 126 (one-year suspension made to run concurrently with pending two-year suspension).

We suspend the license of respondent, Brien Patrick O'Brien, to practice law indefinitely with no possibility of reinstatement for six months. This suspension shall be concurrent with the suspension imposed by this court on May 21, 2003. It applies to all facets of the practice of law. Iowa Ct. R. 35.12. Costs of this action are taxed to respondent, as provided in Iowa Court Rule 35.25.

**LICENSE SUSPENDED.**

All justices concur except WIGGINS, J., who takes no part.