# IN THE SUPREME COURT OF IOWA

No. 100 /06-0747

Filed November 17, 2006

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

      Complainant,

vs.

**GARY D. IVERSEN,**

      Respondent.

---

On review of the report of the Grievance Commission.

Iowa Supreme Court Grievance Commission recommends a two-year suspension of respondent's license to practice law in this state. **LICENSE SUSPENDED.**

Charles L. Harrington and David J. Grace, Des Moines, for complainant.

Timothy J. Luce of Anfinson & Luce, Waterloo, for respondent.

**WIGGINS, Justice.**

The Iowa Supreme Court Attorney Disciplinary Board filed a complaint alleging Gary D. Iversen violated numerous rules of the Iowa Code of Professional Responsibility for Lawyers by not filing federal or state income tax returns for 1992 to 2001 and by not paying his Iowa income taxes for 1996 and 1997. The Grievance Commission filed its report finding the Board had proven the factual allegations of the complaint as well as Iversen's violations of the Code by a convincing preponderance of the evidence. The Commission recommended we suspend Iversen's license to practice law indefinitely with no possibility of reinstatement for two years. On our de novo review, we agree with the Commission that the Board has proven by a convincing preponderance of the evidence that Iversen's conduct violated the Code. Accordingly, we suspend Iversen's license to practice law in this state indefinitely with no possibility of reinstatement for one year.

## I. Background Facts and Proceedings.

We admitted Iversen to the Iowa bar in 1977. He presently maintains a law office in Waterloo, Iowa. His major areas of practice include preparation of tax returns, real estate, and probate matters. On December 1, 2005, the Board filed a complaint against Iversen alleging various violations of the Iowa Code of Professional Responsibility for Lawyers. The Board claimed: (1) as of February 18, 2003, Iversen had not filed federal or state income tax returns for the years 1992 through 2001; (2) on or about May 1, 1997, Iversen failed to pay his Iowa income tax for the year 1996; and (3) on or about May 1, 1998, Iversen failed to pay his Iowa income tax for the year 1997.

In connection with these claims, the Board alleged Iversen violated Iowa Code sections 422.25(5), 714.8(10), 714.10(1), and 714.11(1)

(1997). The Board alleged in October 2003 Iversen pled guilty to the crimes of fraudulent practice in the second degree in violation of Iowa Code sections 422.25(5), 714.8(10), and 714.10 and fraudulent practice in the third degree in violation of Iowa Code sections 422.25(5), 714.8(10), and 714.11. The Board further alleged the court granted Iversen a deferred judgment and placed him on probation for sixty months.

Accordingly, the Board charged Iversen with violating the following provisions of the Iowa Code of Professional Responsibility for Lawyers: DR 1-102(A)(3) (providing a lawyer shall not engage in illegal conduct involving moral turpitude); DR 1-102(A)(4) (providing a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(5) (providing a lawyer shall not engage in conduct that is prejudicial to the administration of justice); and DR 1-102(A)(6) (providing a lawyer shall not engage in any other conduct that adversely reflects on the fitness to practice law). The Board noted it intended to invoke issue preclusion in proving the allegations of the complaint.

In his answer, Iversen admitted to not filing federal or state income tax returns for 1992 to 2001 and to not paying his Iowa income taxes for 1996 and 1997. He also admitted to his guilty plea. In response to the Board's requests for admission, Iversen stated he had "no specific knowledge as to inaccuracies in the minutes, but having not interviewed the witnesses regarding the specifics, he [was] unable to admit whether the facts [were] accurate." Iversen further stated, however, that "the deferred judgment granted in the [criminal case] was based on facts similar to those set forth in the minutes" and he would not object to them.

At the hearing on the complaint, the Board and Iversen appeared to agree the focus was not on Iversen's conduct, but rather on the issue of the appropriate sanction. In his testimony, Iversen admitted to not filing his federal and state tax returns beginning in 1992, but stated he has since filed them. He testified he made an estimated tax payment in 1993 for the year 1992. He further explained he is not sure he knows why he did not file the 1992 returns, alluding to financial and marital issues. Initially, Iversen chose not to file his earlier returns thinking he would "catch up." After he failed to file the first few returns, Iversen stated by that point he felt he was in a hole that he could not get himself out of financially and began to fear the tax authorities would destroy his law practice.

Iversen acknowledged his conduct would not reflect the advice he would give to his clients and that he was not as responsive to the state as he should have been. He claimed he has not had any prior ethical violations, has been attentive to the needs of his clients, and has attempted to limit his work in view of his probable suspension. He appears to have cooperated with the disciplinary authorities. Iversen mentioned he was "obviously very embarrassed by pretty stupid decisions and just lack of taking action" and expressed a desire to practice law again. Witnesses who testified at Iversen's sentencing hearing opined that Iversen is a well-respected attorney.

The Commission found although Iversen was required to file both federal and state income tax returns for the years 1992 through 2001, he did not file such returns and paid no income taxes, except for one estimated tax payment in 1993. The Commission further found Iversen was charged in Black Hawk County with two counts of fraudulent practice in the first degree (class "C" felonies) and two counts of tax

evasion (class "D" felonies), and as a result of a plea agreement under which two of the original counts were reduced and the other two counts were dismissed, Iversen pled guilty to one count of fraudulent practice in the second degree (a class "D" felony) and one count of fraudulent practice in the third degree (an aggravated misdemeanor).

The Commission also found Iversen was granted a deferred judgment with five years of supervised probation and was ordered to make restitution to the state in the amount of $207,743.41. Additionally, Iversen has not paid any of the approximate $180,000 to $200,000 in back taxes which he owes to the federal government and there is no payment plan to do so at this time. Finding the allegations of the complaint were sufficiently proven in light of Iversen's answer, response to requests for admission, and testimony at the hearing, as well as by issue preclusion under Iowa Court Rule 35.7(3), the Commission concluded Iversen violated DR 1-102(A)(3), (4), (5), and (6).

The Commission noted the following mitigating factors: (1) Iversen appears to be respected by his peers; (2) there is nothing in the record showing his clients were harmed; (3) Iversen was cooperative in the disciplinary process and acknowledged his misconduct; (4) Iversen showed concern for his clients' interests as he anticipated a suspension of his license; (5) it appears Iversen does not have any previous ethical violations; (6) Iversen expressed remorse and embarrassment; (7) Iversen would like to pay his tax obligations (estimated to be between $300,000 and $400,000); (8) Iversen would like to resume the practice of law; and (9) Iversen did not offer excuses or attempt to assign blame elsewhere, nor does he attribute his misconduct to mental or physical conditions, substance abuse, or gambling.

The Commission noted the following aggravating factors: (1) Iversen had no explanation for his conduct except for lack of money; (2) he admitted he would have advised a client differently under the same circumstances; (3) the misconduct continued for at least ten years during which Iversen did not attempt to address the growing problem; (4) Iversen did not take corrective action until his misconduct was discovered by the tax authorities; (5) Iversen did not fully cooperate with the tax authorities; (6) Iversen has held himself out to the public as an attorney with special expertise in tax matters; therefore, his conduct harms the public's confidence in the tax system and legal profession; and (7) Iversen managed to keep other personal financial obligations relatively current while disregarding the income tax laws. The Commission recommended Iversen receive a two-year suspension of his license to practice law.

## II. Scope of Review.

This court reviews attorney disciplinary proceedings de novo. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Walker*, 712 N.W.2d 683, 684 (Iowa 2006). The Board must prove ethical violations by a convincing preponderance of the evidence. *Id.* "Although we consider the Commission's factual findings and discipline recommendations, they do not bind us." *Id.* (citation omitted).

## III. Analysis.

Under Iowa Court Rule 35.7(3), principles of issue preclusion may be used in a lawyer disciplinary case where certain conditions exist. These conditions include:

> *a.* The issue has been resolved in a civil proceeding that resulted in a final judgment, or in a criminal proceeding that resulted in a finding of guilt, even if the Iowa Supreme

Court Attorney Disciplinary Board was not a party to the prior proceeding.

    *b.* The burden of proof in the prior proceeding was greater than a mere preponderance of the evidence.

    *c.* The party seeking preclusive effect has given written notice to the opposing party, not less than ten days prior to the hearing, of the party's intention to invoke issue preclusion.

Iowa Ct. R. 35.7(3). These conditions have been met here, meaning Iversen is barred from relitigating the issue of his criminal conduct in this disciplinary action.

Iversen pled guilty to the crimes of fraudulent practice in the second degree (a class "D" felony) and fraudulent practice in the third degree (an aggravated misdemeanor) in connection with his failure to pay his taxes and file his returns. *See* Iowa Code §§ 422.25(5), 714.10, 714.11. The court ordered Iversen to pay $207,743.41 in restitution to the state and gave him a deferred judgment and probation. Iversen also owes an additional $180,000 to $200,000 to the federal government. In sum, Iversen's total tax liability is close to $400,000. Moreover, Iversen admitted he did not file his income tax returns and failed to pay his income taxes in his answer to the complaint, his answer to the requests for admission, and his testimony at the hearing.

We have said where " 'a lawyer's income exceeds the sum triggering the tax return filing requirement, failure to file a tax return constitutes misrepresentation of that income' in violation of DR 1-102(A)(4)." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Runge,* 588 N.W.2d 116, 118 (Iowa 1999) (citation omitted). Additionally, we have recognized this sort of " 'misrepresentation is a deceitful offense involving moral turpitude' in violation of DR 1-102(A)(3)." *Id.* (citation omitted). "It is also conduct prejudicial to the administration of justice in violation of

DR 1-102(A)(5) and conduct that adversely reflects on the fitness to practice law in violation of DR 1-102(A)(6)." *Id.* (citation omitted).

Accordingly, on our de novo review of the record we find the facts as found by the Commission and conclude Iversen's conduct violated DR 1-102(A)(3), (4), (5), and (6).

### IV. Sanction.

Although Iversen is barred from relitigating his criminal conduct, he is "permitted to present evidence of mitigating facts and circumstances . . . concerning any sanction to be imposed." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. D.J.I.*, 545 N.W.2d 866, 877 (Iowa 1996). The Commission recommended Iversen's conduct warrants a suspension of his license to practice law for two years; however, "the matter of sanction is solely within the authority of this court." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sloan,* 692 N.W.2d 831, 833 (Iowa 2005).

In determining the sanctions a lawyer must face as a result of his or her misconduct, we have stated:

> The goal of the Code of Professional Responsibility is "to maintain public confidence in the legal profession as well as to provide a policing mechanism for poor lawyering." When deciding on an appropriate sanction for an attorney's misconduct, we consider "the nature of the violations, protection of the public, deterrence of similar misconduct by others, the lawyer's fitness to practice, and [the court's] duty to uphold the integrity of the profession in the eyes of the public." We also consider aggravating and mitigating circumstances present in the disciplinary action.

*Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Honken,* 688 N.W.2d 812, 820 (Iowa 2004) (alteration in original) (citations omitted). In this case, Iversen's misconduct consisted of failing to file his income tax returns and failing to pay his taxes.

We have said "[i]t is as wrong for a lawyer to cheat the government as it is for him to cheat a client." *Comm. on Prof'l Ethics & Conduct v. Strack*, 225 N.W.2d 905, 906 (Iowa 1975). "We have many times repeated the principles which apply to disciplinary cases based on failure to file tax returns on time. License suspensions have been imposed ranging from sixty days to three years." *Comm. on Prof'l Ethics & Conduct v. Baudino*, 452 N.W.2d 455, 459 (Iowa 1990). Although we adapt sanctions to the unique facts of each case, sanctions imposed in other tax cases are helpful. *Runge*, 588 N.W.2d at 118.

An aggravating factor to consider in determining the proper sanction is Iversen did not file his federal or state income tax returns for the years 1992 through 2001, a period of almost ten years. We may view such an "almost routine failure to file tax returns" as a pattern of conduct justifying an increased sanction. *See Comm. on Prof'l Ethics & Conduct v. Cook*, 409 N.W.2d 469, 469-70 (Iowa 1987). Nor can Iversen "be credited with reporting his misconduct to the committee before the investigation began." *See Comm. on Prof'l Ethics & Conduct v. Belay*, 420 N.W.2d 783, 785 (Iowa 1988).

On the other hand, there may be some mitigating factors present in this case. It is important to note that Iversen has not had any prior ethical violations. *See Comm. on Prof'l Ethics & Conduct v. Nadler*, 467 N.W.2d 250, 254 (Iowa 1991) (stating prior disciplinary action taken against a lawyer is considered in determining the proper discipline). It is apparent from the record that Iversen is well respected as an attorney and "we do not overlook an attorney's devoted service to the profession." *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Frerichs*, 671 N.W.2d 470, 478 (Iowa 2003). Additionally, Iversen seems to have fully cooperated with the Board and the Commission in the investigation of

this matter. *See Belay*, 420 N.W.2d at 785. Although Iversen cannot explain why he did not file his returns, he did make occasional references to financial and marital issues. Nevertheless, "[o]ur profession certainly cannot excuse misconduct on the basis of personal problems." *See Cook*, 409 N.W.2d at 470.

Another mitigating consideration is that Iversen acknowledged his misconduct and does not attempt to shift the blame for his actions elsewhere. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Fleming*, 602 N.W.2d 340, 342 (Iowa 1999). It is also significant Iversen's actions do not appear to have caused harm to others. *See Honken*, 688 N.W.2d at 821. Finally, we have recognized that many of our tax violation cases involve false certifications on annual questionnaires to the client security commission, which is a separate ethical violation. *See Belay*, 420 N.W.2d at 784-85. Thus, when there is not an issue of false certification, "the sanction imposed should logically be less severe." *Id.*

We note the outcome of Iversen's criminal prosecution does not affect our determination of the appropriate sanction. *See Comm. on Prof'l Ethics & Conduct v. Cody*, 412 N.W.2d 637, 641 (Iowa 1987) (noting a distinction between the appropriate punishment for a crime and the appropriate sanction for an attorney's misconduct, and basing the appropriate sanction, in part, on the concerns of "[the attorney]'s fitness to practice law, the need to deter others from similar conduct, and our assurance to the public that the courts will maintain the ethics of our profession").

In an attorney discipline case where the attorney willfully and knowingly failed to file state and federal income tax returns "in a consistent pattern spanning eight years," resulting in a criminal conviction for failing to file a required federal return, we stated:

> Obedience to the law symbolizes respect for law. To the extent those licensed to operate the law's machinery knowingly and repeatedly violate essential statutes, there inexorably follows an intensified loss of lay persons' respect for law. This we can neither condone nor tolerate.

*Comm. on Prof'l Ethics & Conduct v. Bromwell,* 221 N.W.2d 777, 778-79 (Iowa 1974). As to the gravity of the offense, we noted while there was no proof that the attorney's motive was to defraud the state or federal government of tax revenues, "one who is familiar with income tax laws and whose gross income exceeds the sum which triggers the filing requirement impliedly misrepresents that income when he willfully elects not to file." *Id.* at 780. In that case, we found "there [was] an element of deceit involved which, coupled with a deliberate election to violate statutes which [are the] foundation [of] the economic structure of our government, impels the conclusion [that the attorney] has committed an offense involving moral turpitude." *Id.*

Considering the nature of the violations, protection of the public, deterrence of similar misconduct by others, the lawyer's fitness to practice, our duty to uphold the integrity of the profession in the eyes of the public, aggravating circumstances, mitigating circumstances, and our survey of other disciplinary cases, we believe attorney misconduct similar to Iversen's tends to warrant a sanction less than that recommended by the Commission. *See, e.g., Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Wickey,* 619 N.W.2d 319, 321 (Iowa 2000) (imposing a six-month suspension for an attorney's failure to timely file his Iowa income tax returns for four years and his failure to pay Iowa income taxes); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Doughty,* 588 N.W.2d 119, 119-20 (Iowa 1999) (imposing an eighteen-month suspension for an attorney's failure to file state and federal income tax returns for ten years which resulted in federal misdemeanor

convictions); *Comm. on Prof'l Ethics & Conduct v. Munsinger*, 264 N.W.2d 731, 732 (Iowa 1978) (imposing a one-year suspension for an attorney's willful and knowing failure to file state income tax returns for eleven years which resulted in criminal convictions; the court noted the attorney made a false report to the client security and attorney disciplinary commission); *Comm. on Prof'l Ethics & Conduct v. Kelly*, 250 N.W.2d 388, 388-89 (Iowa 1976) (imposing a one-year suspension for an attorney's failure to file state and federal income tax returns for six years which resulted in criminal convictions for failure to file and pay state income taxes). Accordingly, the appropriate sanction is to suspend Iversen's license to practice law for one year.

### V.  Disposition.

In light of the above facts and circumstances surrounding Iversen's conduct, we suspend Iversen's license to practice law in this state indefinitely with no possibility of reinstatement for one year. Upon any application for reinstatement, Iversen must establish he has not practiced law during the suspension period and he has in all ways complied with the requirements of Iowa Court Rule 35.13. Iversen must also comply with the notification requirements of Iowa Court Rule 35.21. Finally, the costs of this action are taxed against Iversen pursuant to Iowa Court Rule 35.25.

**LICENSE SUSPENDED.**

All justices concur except Hecht, J., who takes no part.